IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JIMMY L TAYLOR, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No. 5:25-cv-178-MTT-CHW |
| | : | |
| JUDGE KATHERINE K LUMDSEN, *et al.*, | : | |
| | : | |
| | : | |
| Respondents. | : | |
| | : | |

## ORDER

Pending before the Court is a document filed by *pro se* Petitioner Jimmy L. Taylor, a prisoner confined in the Wheeler Correctional Facility in Alamo, Georgia, that was docketed as a federal petition for writ of habeas corpus seeking relief pursuant to 28 U.S.C. § 2241 (ECF No. 1). According to the Petition,

> Petitioner is presently being held by orders of state authorities serving a sentence of two hundred two (202) years and twelve (12) months on alleged charges of forty-three (43) counts of exploitation and intimidation of an elder person (one alleged victim); twenty three (23) counts of practicing medicine without a license (one alleged victim); one (1) count of attempt to practice medicine without a license (one alleged victim); and one (1) count of driving a motor vehicle with a suspended driver license.

ECF No. 1 at 3.  The Petition challenges "the action(s) and decision of Houston County Superior Court Judge Katherine K. Lumsden" with respect to Petitioner's "arrest, pre-trial incarceration, judicial proceedings, conviction, sentencing, and incarceration."  ECF No. 1 at 4.

On the same day Petitioner filed this case, Petitioner also filed another pleading that was separately docketed as a § 2241 petition, *Taylor v. Fletcher*, Case No. 5:25-cv-179-MTT-ALS (M.D. Ga. Apr. 29, 2025) ("*Fletcher*").  The petition in *Fletcher* appeared to challenge the same

criminal proceedings as this case. As a result, the Court consolidated the *Fletcher* case into the above-captioned action. *See generally* ECF No. 3 in *Fletcher*. Petitioner has not paid the filing fee or submitted a motion to proceed *in forma pauperis* in either case.

The Court will treat the petition in *Fletcher* as an amended petition in this case. *Daker v. Toole*, 736 F. App'x 234, 235-36 (11th Cir. 2018) (per curiam) ("[W]here a new pro se petition is filed before the adjudication of a prior petition is complete, the new petition should be construed as a motion to amend the pending petition rather than as a successive application." (quoting *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008)). To ensure that each of Petitioner's habeas corpus claims is preserved and to facilitate the review of those claims, Petitioner is **ORDERED** to recast his Petition using the Court's standard form and submit it—with either payment of the $5.00 filing fee or a motion for leave to proceed *in forma pauperis*—within **FOURTEEN (14) DAYS** of the date shown on this Order. Because Petitioner is "in custody pursuant to the judgment of a State court," Petitioner should use the form for seeking relief pursuant to 28 U.S.C. § 2254. The Clerk is **DIRECTED** to mail Petitioner copies of the appropriate forms for this purpose, marked with the case number of this case, that Petitioner should use to comply. The Recast Petition will supersede (take the place of) the initial Petition (ECF No. 1) in this case as well as the Petition (ECF No. 1) in *Fletcher*. Petitioner should therefore include each of his claims for relief in his Recast Petition, even if he has also included those claims in the documents he has already filed with the Court.

Petitioner is also **NOTIFIED** that the Court intends to characterize his pleading as a petition for writ of habeas corpus filed under 28 U.S.C. § 2254. *See Castro v. United States*, 540 U.S. 375, 383 (2003). This is the exclusive federal remedy available for a state prisoner challenging the validity of his confinement or the duration of his sentence pursuant to the judgment

of a state court.  *See Hutcherson v Riley*, 468 F.3d 750, 754 (11th Cir. 2006).  Petitioner is further **NOTIFIED** that the recharacterization of his pleading means that any subsequent § 2254 action he files will be subject to the restrictions federal law places on "second or successive" § 2254 applications.  *See* 28 U.S.C. § 2255(h).  Consequently, the Court **ADVISES** Petitioner that he may withdraw his application prior to recharacterization, that he may contest the recharacterization of his application, or that he may amend his motion or petition so that it contains all of the § 2254 claims he believes he has.  If Petitioner does not wish to pursue § 2254 relief at this time, in lieu of submitting the Court's standard form, he may withdraw his motion or contest recharacterization of his motion.

Petitioner must also notify the Court immediately in writing of any change in his mailing address.  **Failure to fully and timely comply with this Order may result in the dismissal of Petitioner's application for habeas relief.**  There will be no service of process in this case until further order.

**SO ORDERED**, this 5th day of September, 2025.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge