IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JIMMY L TAYLOR, | : |
| Petitioner, | : |
| v. | : Case No. 5:25-cv-178-MTT-CHW |
| SHAWN GILLIS, | : |
| Respondent.[1] | : |

## ORDER AND RECOMMENDATION

In accordance with the Court's previous orders and instructions, *pro se* Petitioner Jimmy L. Taylor submitted his Recast Petition (ECF No. 4) and a motion to proceed *in forma pauperis* (ECF No. 5). Petitioner's motion demonstrates that he is not now able to pay the Court's $5.00 filing fee. His motion to proceed *in forma pauperis* is therefore **GRANTED.** After review of the Recast Petition pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases in the United States District Courts, however, it is **RECOMMENDED** that the Recast Petition be **DISMISSED WITHOUT PREJUDICE** because Petitioner had not exhausted available state remedies at the time he filed it. It is

---

[1] On his 28 U.S.C. § 2254 form, Petitioner named the State of Georgia as the Respondent. However, Rule 2 of the Rules Governing Section 2254 cases in the United States District Courts provides that "if the petitioner is currently in custody under a state court judgment, the petition must name as respondent the state officer who has custody." Petitioner is incarcerated in the Wheeler Correctional Facility, and the warden of that facility is Shawn Gillis. *See* https://gdc.georgia.gov/document/document/facility-directory-list/download [https://perma.cc/VM32-4JBA] (last visited Nov. 10, 2025). Therefore, the Court has corrected the style of this case to show Shawn Gillis as the correct Respondent. The Clerk is **DIRECTED** to correct the Docket accordingly.

also **RECOMMENDED** that a certificate of appealability ("COA") and any motion to proceed *in forma pauperis* on appeal be **DENIED**.

I.  SCREENING

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides,

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Rules Governing § 2254 Cases, R. 4.

A state prisoner cannot petition for federal habeas relief without first exhausting his state court remedies. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To exhaust state court remedies, a state prisoner must first present his claims to the state courts through one complete round of the state's appellate review process, either on direct appeal or in state post-conviction proceedings. *Boerckel*, 526 U.S. at 844-45.

Failure to exhaust state remedies is a valid reason for dismissal under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 653–54 (11th Cir. 2020). Although the exhaustion requirement is not jurisdictional, the Court can still *sua sponte* dismiss a § 2254 petition on a non-jurisdictional basis, so long as (1) the petitioner is given "notice of its decision and an opportunity to be heard in opposition[,]" and (2) the respondent is given

2

similar notice and an opportunity to waive that defense. *Id.* at 653 (allowing *sua sponte* dismissal based on untimeliness because Report and Recommendation provided notice and opportunity to respond to both petitioner and respondent); *see also Fletcher v. Oliver*, No. 1:20-00347-KD-N, 2020 WL 5100631, at *2 n.4 (S.D. Ala. July 21, 2020), *report and recommendation adopted*, 2020 WL 5099937 (S.D. Ala. Aug. 28, 2020) (stating that "[t]he undersigned finds no reason the procedure endorsed in *Paez* cannot also be utilized to *sua sponte* dismiss a habeas petition as unexhausted").

The initial Petition in the above-captioned action (ECF No. 1) was docketed on April 29, 2025, as a petition seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2241. On the same day, Petitioner filed a document in a separate case that was also docketed as a § 2241 petition. *See generally Taylor v. Fletcher*, Case No. 5:25-cv-179-MTT-ALS (M.D. Ga. Apr. 29, 2025) ("*Fletcher*"). Both petitions appeared to challenge Petitioner's December 16, 2022, conviction in the Houston County Superior Court for exploitation and intimidation of an elder person; practicing medicine without a license; attempting to practice medicine without a license; and driving a motor vehicle with a suspended license. *See* ECF No. 1 at 3. The Court therefore entered an order consolidating *Fletcher* into the above-captioned action. *See generally* ECF No. 3 in *Fletcher*. To ensure that each of Petitioner's claims was preserved in this case, Petitioner was ordered to file a single Recast Petition that included every claim he intended to raise, even if he had already included those claims in other documents or cases already filed with the Court. ECF No. 3 at 2. In his Recast Petition, which is now the operative pleading in this action, Petitioner confirms he is currently "[s]erving a sentence (incarceration,

3

parole, probation, etc.) after having been convicted of a crime" and that he was sentenced on December 16, 2022, in the Superior Court of Houston County, Georgia. *Id.* at 1.[2]

The face of the Recast Petition demonstrates that Petitioner has not exhausted his available state remedies concerning his conviction and sentence. The form on which Petitioner filed his Recast Petition requires Petitioner to explain any "Earlier Challenges of the Decision or Action." ECF No. 4 at 2. Petitioner states that he "appeal[ed] the decision, file[d] a grievance, or [sought] an administrative remedy" with respect to his conviction by filing a motion for new trial. *Id.* The trial court denied this motion, and Petitioner attempted to appeal this denial to the Georgia Supreme Court. *Id.* The Georgia Supreme Court transferred the case to the Georgia Court of Appeals, which appears to have denied the motion. *See id.* Petitioner acknowledges that his appeal of this denial was pending with the Georgia Supreme Court at the time he filed his Petition. *Id.* at 3 (noting that date of filing was May 25, 2025, and that the case is "Under Revie[w] (TBD)"). Thus, it "plainly appears" on the face of the Recast Petition that Petitioner has not fully exhausted available state remedies. Rules Governing § 2254 Cases, R. 4. It is accordingly **RECOMMENDED** that Petitioner's application be **DISMISSED without prejudice.**

II.     **COA AND *IN FORMA PAUPERIS* ON APPEAL**

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a COA. 28

---

[2] Petitioner recast the original Petition on another § 2241 form, but because he is currently "in custody pursuant to the judgment of a state court, his Recast Petition is subject to both § 2241 and § 2254." *Thomas v. Crosby*, 371 F.3d 782, 786 (11th Cir. 2004) (citing *Medberry v. Crosby*, 351 F.3d 1049, 1064 (11th Cir. 2003))

4

U.S.C. § 2253(c)(1)(A).  Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a [COA] when it enters a final order adverse to the applicant," and if a COA is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."

"A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This requires a demonstration that "jurists of reason could disagree with the district court's resolution of [a petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," such as in this case, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 484.  Petitioner has not made these showings.  Therefore, it is **RECOMMENDED** that Petitioner be **DENIED** a COA.  Additionally, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.  See 28 U.S.C. § 1915(a)(3).  Accordingly, it is **RECOMMENDED** that any motion to proceed *in forma pauperis* on appeal be **DENIED**.

### III. CONCLUSION

For the foregoing reasons, Petitioner's motion to proceed *in forma pauperis* (ECF No. 5) is **GRANTED**, but it is **RECOMMENDED** that the Recast Petition be **DISMISSED WITHOUT PREJUDICE** because he failed to fully exhausted available state remedies prior to filing his Recast Petition. It is also **RECOMMENDED** that any COA and motion to proceed *in forma pauperis* on appeal be **DENIED**.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Clerk is **DIRECTED** "to notify the [P]etitioner" of this ruling by mailing him a copy of this Order and Recommendation of Dismissal. Pursuant to the memorandum of understanding with the Attorney General of the State of Georgia, the Clerk is **DIRECTED** to serve a copy of the Recast Petition (ECF No. 4) and this Order and Recommendation of Dismissal on the Attorney General and Respondent electronically through CM/ECF and they may, **but are not required to**, respond to the Order and Recommendation of Dismissal.

### IV. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation with the Honorable Marc T. Treadwell, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Order and Recommendation of Dismissal. Any objection is limited in length to **TWENTY (20) PAGES**. See M.D. Ga. L.R. 7.4. Any party may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of §

6

636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.  *See* 11th Cir. R. 3-1.

**SO ORDERED AND RECOMMENDED**, this 20th day of November, 2025.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

7